# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY
# CAMDEN VICINAGE

| | |
|---|---|
| JAMES L. THOMPSON,<br><br>      Plaintiff,<br><br>  v.<br><br>PLEASANTVILLE POLICE DEPARTMENT, et al.,<br><br>      Defendants. | Civil No. 19-18729 (RMB/KMW)<br><br>**MEMORANDUM OPINION & ORDER** |

    THIS MATTER comes before the Court upon Plaintiff James L. Thompson's filing of a <u>pro se</u> Complaint [Dkt. No. 1] against the Pleasantville Police Department, Officer Girard Tell, Officer Ryan Van Sykle, and Officer Michael Mabkhouti ("Defendants"), seeking damages under 42 U.S.C. § 1983. Along with his Complaint, Plaintiff filed an application for permission to proceed <u>in forma pauperis</u> (an "IFP Application")[Dkt. No. 1-1].

    When a non-prisoner seeks permission to file a civil complaint IFP under 28 U.S.C. § 1915, the applicant is required to submit an affidavit that sets forth his or her assets and attests to the applicant's inability to pay the requisite fees. <u>See</u> 28 U.S.C. § 1915(a); <u>Roy v. Penn. Nat'l Ins. Co.</u>, 2014 WL 4104979, at *1 n.1 (D.N.J. Aug. 19, 2014) (internal citations omitted). The decision whether to grant or to deny the application should be based upon the economic eligibility of the

applicant, as demonstrated by the affidavit. See Sinwell v. Shapp, 536 F.2d 15, 19 (3d Cir. 1976).

In its current state, Plaintiff's application lacks the specificity necessary for the Court to determine whether Plaintiff is eligible for IFP filing.  First, Plaintiff is unclear about whether he is currently incarcerated.  Although Plaintiff states that he has "been incarcerated for well over a year," he later states that he was "very recently extradited and subsequently released" from jail and provides a residential mailing address. See Dkt. No. 1-2.  Second, Plaintiff uses the "short form" IFP Application, which asks for less detailed responses than the "long form" IFP Application provided on the District of New Jersey website.

For this Court to determine whether Plaintiff is eligible for IFP filing, Plaintiff should submit a new IFP application using the "long form" IFP Application, provided by this Court, clarifying whether he remains incarcerated.

Furthermore, the Court also cautions Plaintiff that, as currently pleaded, it would likely dismiss his § 1983 claims against the Pleasantville Police Department, because a police department is a "governmental sub-unit that is not distinct from the municipality of which it is a part," and, therefore, is not a "person" against whom a suit can be lodged under § 1983. See Jackson v. City of Erie Police Dep't, 570 F. App'x 112, 114 (3d

Cir. 2014). Additionally, the Court would likely dismiss Plaintiff's claims, asserted against the Officers <u>in their official capacities</u>, as barred under § 1983. Therefore, Plaintiff may wish to file an amended complaint, removing the claims against the Pleasantville Police Department and those against the Officers in their official capacities.

**ACCORDINGLY, IT IS** on this **10th** day of **October 2019**, hereby

**ORDERED** that Plaintiff's IFP Application [Dkt. No. 1-1] is **DENIED WITHOUT PREJUDICE**; and it is further

**ORDERED** that Plaintiff must complete the a "long form" IFP application in full, which clarifies whether he is currently incarcerated, and file it with this Court within thirty (30) days from the entry of this Order; and it is further

**ORDERED** that the Clerk of Court shall **ADMINISTRATIVELY TERMINATE** this matter, subject to reopening upon this Court's screening of a timely filed and properly completed IFP Application and amended complaint; and it is further

**ORDERED** that the Clerk of the Court is directed to mail a copy of this Order and a blank "long form" IFP application to Plaintiff at: 22 East Redwood Avenue, Pleasantville, New Jersey 08232.

                                                s/Renée Marie Bumb
                                                RENÉE MARIE BUMB
                                                UNITED STATES DISTRICT JUDGE